UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SIARHEI FILAZAPOVICH et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DEPARTMENT OF STATE et al., )<br>)<br>Defendants. )<br>) | Case No. 21-cv-00943 (APM) |
| BRANDON KIN SHAUN GOH et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF STATE et al., )<br>)<br>Defendants. )<br>) | Case No. 21-cv-00999 (APM) |
| MAXWELL GOODLUCK et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JOSEPH R. BIDEN, JR. et al., )<br>)<br>Defendants. )<br>) | Case No. 21-cv-01530 (APM) |

**ORDER**

Pending before the court are cross-motions for summary judgment in *Goh v. U.S. Department of State* and motions for preliminary injunction in *Filazapovich v. Department of State*

and *Goodluck v. Biden*. All Plaintiffs allege, among other things, that Defendants' refusal to process diversity visa applications between October 1, 2020, and at least March 12, 2021, increased Plaintiffs' risk of not receiving a timely adjudication of their diversity visa applications. *See Filazapovich v. Dep't of State*, No. 21-cv-943, Pls.' Request for Prelim. &/or Permanent Inj., ECF No. 9, at 20–21 (claiming Defendants' actions "caus[ed] an ever increasing likelihood of future injury as [Plaintiffs] approach their 30 September 2021 deadline"); *Goh v. U.S. Dep't of State*, No. 21-cv-999, Pls.' Opp'n to Defs.' Mot. to Dismiss & Cross-Mot. for Summ. J., ECF No. 23, at 15–18 ("[T]he harm Plaintiffs face is the deprivation of even an opportunity to have their visa applications processed before the September 30 deadline."); *Goodluck v. Biden*, No. 21-cv-1530, Pls.' Mot. for Prelim. Inj., ECF No. 18, Mem. in Supp. of Pls.' Mot. for Prelim. Inj., ECF No. 18-1, at 2, 25–27 (claiming harm to "Plaintiffs' interest in obtaining a visa before September 30, 2021").

Where a plaintiff proceeds on a theory that a defendant's actions have increased the plaintiff's risk of harm, the court has jurisdiction only if "the plaintiff can show both (i) a *substantially* increased risk of harm and (ii) a *substantial* probability of harm with that increase taken into account." *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 914 (D.C. Cir. 2015) (internal quotation marks omitted); *see also Pub. Citizen, Inc. v. Nat'l Highway Traffic Safety Admin.*, 489 F.3d 1279, 1295 (D.C. Cir. 2007). The court must "consider the ultimate alleged harm . . . as the concrete and particularized injury and then . . . determine whether the increased risk of such harm makes injury to an individual citizen sufficiently 'imminent' for standing purposes." *Food & Water Watch*, 808 F.3d at 915 (internal quotation marks omitted); *see also Attias v. Carefirst, Inc.*, 865 F.3d 620, 627 (D.C. Cir. 2017). For an "injury to an individual citizen"

to be "sufficiently imminent," *Attias*, 865 F.3d at 627, it must be "certainly impending and immediate—not remote, speculative, conjectural, or hypothetical." *Pub. Citizen*, 489 F.3d at 1293.

The D.C. Circuit has explained that to show that an increased-risk-of-harm injury is sufficiently imminent, a plaintiff must show that a specific individual is facing imminent injury. For example, in *Public Citizen*, the Circuit rejected Public Citizen's theory that the National Highway Traffic Safety Administration's ("NHTSA") failure to adopt a certain regulation on tire pressure led to an increased risk that Public Citizen's members would be involved in car accidents. *See id.* at 1291. Public Citizen "claim[ed] that several hundred Americans, including some Public Citizen members, will annually be injured in car crashes who would not be injured if NHTSA" adopted Public Citizen's preferred regulations. *Id.* at 1293. The court found this theory faced an "'imminence' problem . . . because no one c[ould] say who those several hundred individuals are out of the 300 million people in the United States." *Id*. That is, "[f]or any particular individual," the odds of being involved in such an accident were uncertain. *Id.* at 1293–94.

Plaintiffs face a similar "imminence problem" here. *Id.* at 1293 (internal quotation marks omitted). Each of the cases before the court involve dozens to thousands of Plaintiffs, and all claim that Defendants' failure to adjudicate their diversity visa applications has injured them. Yet, Plaintiffs cannot sustain their burden of standing by asserting that *some* in their number face an increased risk that their diversity visa applications will not be adjudicated, Hr'g Tr. (draft), July 20, 2021, at 16–19, without identifying precisely *who* among the group faces such risk. *See Pub. Citizen*, 489 F.3d at 1294 (holding that a plaintiff may not "aggregate a series of remote and speculative claims" to establish standing: "'the doctrine of standing to sue is not a kind of gaming device that can be surmounted merely by aggregating the allegations of different kinds of plaintiffs, each of whom may have claims that are remote or speculative taken by themselves'" (quoting

3

*ASARCO Inc. v. Kadish*, 490 U.S. 605, 615 (opinion of Kennedy, J.))). Plaintiffs have offered up some names and anecdotal evidence, but it remains uncertain on the present record whether any of them, or any other Plaintiff, satisfies the particularity and imminence requirements set forth in *Public Citizen*.

When parties "reasonably, but mistakenly, believe[] that the initial filings before the court ha[ve] sufficiently demonstrated standing," the court may "request supplemental affidavits and briefing to determine whether the parties have met the requirements for standing." *Ams. for Safe Access v. DEA*, 706 F.3d 438, 443 (D.C. Cir. 2013); *see also Clean Wis. v. EPA*, 964 F.3d 1145, 1159 (D.C. Cir. 2020) (noting the court "retain[s] discretion to look beyond the opening brief and consider material submitted later if the petitioner reasonably believed its standing was self-evident" (internal quotation marks omitted)). Because Plaintiffs in each case presented "plausible arguments and offer[ed] concrete evidence" of standing in their opening briefs, but the court remains uncertain as to whether they have met their burden, it is appropriate for the court to invite supplemental filings from Plaintiffs on the issue of standing. *See Ams. for Safe Access*, 706 F.3d at 445.

Accordingly, Plaintiffs shall, by July 23, 2021, submit additional evidence and argument consistent with the precedent cited in this order that establishes they have standing. Plaintiffs in each case shall submit a supplemental brief of no more than 10 double-spaced pages (excluding exhibits) that identifies at least one Plaintiff in each action that they believe has standing and explains why such Plaintiff has standing. Among the additional evidence the court will consider are: (1) the Plaintiff's priority number, (2) conditions at the consulate where the Plaintiff's diversity visa application would have been processed, and (3) any evidence that the particular Plaintiff's chances of having their diversity visa adjudicated would have improved with timely

processing. Defendants in each case may file a response brief of no more than 10 double-spaced pages on or before July 30, 2021.

Dated: July 20, 2021

_____
Amit P. Mehta
United States District Court Judge